Dear Ms. Orgeron:
You have advised this office that a member of the Lafourche Parish Civil Service Board seeks employment with Lafourche Parish (the Parish) in an unclassified position. You ask this office to advise whether or not the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61,et seq., permits or prohibits the concurrent holding of these positions.
We first point out that Lafourche Parish is a home rule charter government. The home rule charter provisions concerning dual officeholding and dual employment are controlling in the event of a conflict with state law regulating dual employment. Home rule charter provisions which prohibit one from holding two public offices and/or employments control over state law which would not prohibit one from holding both positions. In the alternative, home rule charter provisions which permit one to hold two particular positions control over state law to the contrary. See La.R.S. 42:66(D).[1]
An examination of the Parish charter provisions resolves your question. Article VI, Section 4(B)(1)(b) of the home rule charter provides that a member of the Lafourche Parish Civil Service Board shall "hold no other public office or position in Parish government." It is the opinion of this office that the phrase "position in *Page 2 
Parish government" includes a position of unclassified employment with the Parish. Thus, the charter itself prohibits this civil service board member from holding an unclassified position of employment with the Parish. Because the charter provisions are controlling, no further analysis of the state dual officeholding law is required.
However, we note that the unclassified position of employment under review here is with the Lafourche Parish Office of Community Action Agency. The position is entirely funded by federal monies distributed under authority of the American Recovery and Reinvestment Act of 2009.[2]
Because federal funds are involved, it is worth mentioning that federal guidelines governing staffing and employment of the Parish's community service program are applicable to this unclassified position, and should be reviewed to ensure that the Parish is compliant with federal law when hiring for the position.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
very truly Yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
By: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] La.R.S. 42:66(D) states:
D. Nothing in the Part shall be construed to prohibit a municipal and/or parochial officer or employee from holding another municipal and/or parochial officer or employment as specifically authorized by a legislative or home rule charter, nor shall it be construed to authorize a municipal and/or parochial officer or employee to hold another municipal and/or parochial office or employment when prohibited by a home rule charter.
[2] Also commonly referred to as "the Stimulus" or "the Recovery Act."